CARROLL, Judge
(concurring specially).
I concur in the judgment of reversal and in the opinion of the court. The restaurant operated by J & R Restaurant Corp. (hereinafter referred to as the appellee restaurant operator) is in a location where issuance of a regular liquor bar license is prohibited by law, because of proximity to another licensed bar.
It was made to appear, however, that the restaurant has floor area and customer seating capacity required to qualify for a special or exception liquor license, available to such restaurants without reference to population quota or to spacing or distance restriction; and is in an area in which the zoning permits the granting of such special licenses to qualified restaurants. The application for the variance was clearly without merit, but denial of the requested variance (to permit operation under a regular liquor license) does not prevent the appellee restaurant operator from obtaining a special or exception restaurant liquor license. It is obvious the variance was sought to gain the advantage of a regular liquor license over the restaurant exception license to which the ap-pellee restaurant operator was entitled, since under the former it is permitted to sell intoxicating beverages at a bar, whereas under the latter the sale of intoxicating liquor to persons at tables is permitted but sale thereof at a bar is not.
Therefore, to grant the appellee restaurant operator a regular liquor bar license to which it was not entitled by law rather than the more limited special restaurant ex *236 ception liquor license to which it was restricted and relegated by its location, would be to act in direct violation of the law applicable to restaurants so situated.